CLINE *vs.* PRALL and others.

1. Application to set aside sheriff's sale because of his alleged refusal to· adjourn it, that the petitioner (a subsequent mortgagee) might have an, opportunity to ascertain the amount of the encumbrances, subject to which the property was to be sold, refused, it appearing, by the affidavits sub-- mitted in opposition to the application, that such reason for adjournment was not given, and that a written statement of the exact amount due on those encumbrances was exhibited at the sale, and that pains were taken, to give all desired information on the subject; the sale also appearing to· have been conducted fairly, and every effort being made to make the property bring a good price, and the property appearing to have brought such a price.

2. Offers to pay more for property than it brought at a public sale, are,. in themselves, no grounds for setting aside the sale.

---

Motion to set aside sheriff's sale under *fieri facias* for sale· of mortgaged premises. On petition and affidavits and counter-- affidavits.

*Mr. J. M. Robeson,* for petitioner.

*Mr. M. Wyckoff,* for complainant and purchaser.

THE CHANCELLOR.

George W. Eckel, one of the defendants, holder of a mort-- gage subsequent to that of the complainant, applies for an, order setting aside the sale by the sheriff of Warren under the· *fieri facias* issued in this suit for the sale of the mortgaged premises. By that writ, the sheriff was commanded to raise,. first, the money due to the administrator of Samuel Bellis, deceased, on his mortgage, with costs, and next, the amount.

due the complainant on his mortgage, with costs, and then the amount due Mr. Eckel. The sale took place on the day fixed in the advertisement of sale. Eckel was present. The property, which was a farm of one hundred and thirty-two and a quarter acres, was sold to William Shurts, for $6050, subject to encumbrances, the holders of which were not made parties to the suit prior to those above mentioned, and amounting, on the day of sale, to the sum of $9512.07. The price of the property was to the purchasers, therefore, $15,562.07, or about $118 an acre. Eckel requested the sheriff to adjourn the sale for thirty days, but the latter refused to do so without the complainant's consent. This the complainant would not give. Eckel, in his petition, states that he requested the sheriff to adjourn the sale in order that he might have an opportunity to ascertain the amount of the encumbrances subject to which the property was to be sold. It was alleged on the argument, but it is not alleged in the petition, that other persons were deterred from bidding on the property by the uncertainty as to the amount due on the encumbrances subject to which the property was sold. It appears from the affidavits put in on the part of the complainant and the purchaser, that the sale was fairly conducted, and an earnest effort made to cause the property to sell to the best advantage. The complainant's reason for refusing to consent to an adjournment, was the conviction that the property would bring a higher price at that time than it would after an adjournment. It appears that Eckel gave no reason for desiring an adjournment; that he would not say whether he would buy the property or not, although he was urged by the complainant to purchase it, and the solicitor of the latter, as an inducement, told him that if he wished to buy the property, he should have as much time to raise the money for the purchase as he would have if an adjournment of thirty days was granted, and that the necessary arrangement with the holders of the Bellis mortgage would be made to that end. It also appears that a written statement of the exact amount due on each of the encumbrances subject to which the property was to be sold,

was exhibited at the sale, and pains were taken to give all desired information on the subject. It also appears that no one objected to the way in which the property was sold. Eckel has produced the affidavit of John Sherrer, in which it is alleged that the latter was prevented from bidding on the property " by the way in which it was put up, subject to encumbrances ; " that he " not knowing what the encumbrances were, and expecting to bid by the acre and receive a clear title from the sheriff, and not understanding how much he would be bidding by the acre when the sale was made, by bidding a gross sum over the encumbrances, was deterred from making a bid." It appears, however, by the affidavits of a number of persons present at the sale, that the complainant's solicitor, during the progress of the sale, publicly proclaimed that if any one did not understand the written statement above mentioned, he would explain it to him fully, and that if any one wished to know, at any time, how much the bid would be by the acre, he would inform him. The sheriff swears that the sale was largely attended and fairly made ; that no one interfered, or attempted to interfere, in any way, with it, or did or said anything calculated to injure it, but every one spoke in praise of the property, and every effort was made to make it bring a good price ; that it was cried for a much longer time than usual at such sales, and fair warning was given that the property would be sold ; that though Eckel asked for an adjournment, he said nothing about wishing to have his counsel there to look after the title, nor did he say that he did not fully understand the situation of the property ; that a full and clear statement of the claims on the property was made by the complainant's solicitor, who offered to give any information that any one desired ; that the sale was cried for a considerable length of time, and there were two adjournments during its progress ; and he adds, that the property brought as much as property ordinarily brings, at this time, at sheriff's sales. Eckel has no cause of complaint. The allegation of his petition on which he bases his claim to relief, and on which it must rest, is disproved by the affidavits submitted in opposition. He ex-

presses his opinion that the property, if re-sold, would bring a much larger price, and declares his willingness to buy it at the amount of the encumbrances prior to his own. Sherrer, it may be stated, says that if the property be re-sold he will give, at least, $125 an acre, but John H. Lantz swears that, after the sale, Sherrer, in a conversation with him, gave it as his opinion that the purchaser had "paid pretty near enough for the property, taking all things into consideration." It brought, as before mentioned, about $118 an acre. The purchaser, who is a stranger to this suit, swears that that is a fair price for the property, and that the bid at which the property was struck off to him, was the last he would have made. These offers of Eckel and Sherrer are, in themselves, no grounds for setting aside the sale. *Campbell* v. *Gardner*, 3 *Stockt.* 424, 425; *Conover* v. *Walling*, 2 *McCarter* 168, 178.

The order to show cause will be discharged, with costs.